

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700  973/645-2700
Newark, NJ 07102

December 28, 2005

Lawrence S. Lustberg, Esq.
Gibbons, Del Deo, Griffinger & Vecchione
One Riverfront Plaza
Newark, New Jersey 07102-5496

    Re: <u>Plea Agreement with Viktoriya I'lina</u>

Dear Mr. Lustberg:

    This letter sets forth the full and complete agreement between your client, Viktoriya I'lina and the United States Attorney for the District of New Jersey ("this Office").

<u>Charges</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Viktoriya I'lina to 1) Count One of Indictment, Crim. No. 02-638 (JCL), and more particularly, conspiracy to commit visa fraud, contrary to 18 U.S.C. § 1546(a), as set forth in paragraph 4 a, and immigration violations, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), as set forth in paragraph 4 c, all in violation of 18 U.S.C. § 371; and 2) conspiracy to commit extortion against O. P. and O.B., in violation of 18 U.S.C. § 1951, as charged more particularly in Count Twelve, of Indictment, Crim. No. 02-638(JCL).

    If Viktoriya I'lina enters a guilty plea and is sentenced on these charges and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Viktoriya I'lina regarding the crimes which are the subject of Indictment, Crim. No. 02-638(JCL). In addition, if Viktoriya I'lina fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss paragraph 4 b of Count One, and Counts Two through Eleven of Indictment, Criminal No. 02-638 (JCL) against her. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable

statute of limitations on the date this agreement is signed by Viktoriya I'lina may be commenced against her, notwithstanding the expiration of the limitations period after Viktoriya I'lina signs the agreement. Viktoriya I'lina agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Viktoriya I'lina signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count One to which Viktoriya I'lina agrees to plead guilty carries a statutory maximum prison sentence of five years. The violation of 18 U.S.C. § 1951 charged in Count Twelve to which Viktoriya I'lina agrees to plead carries a statutory maximum sentence of twenty years. With respect to each of these offenses, Viktoriya I'lina can be fined a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Viktoriya I'lina is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Viktoriya I'lina ultimately will receive.

Further, in addition to imposing any other penalty on Viktoriya I'lina, the sentencing judge: (1) will order Viktoriya I'lina to pay an assessment of $100 for each offense, for a total assessment of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Viktoriya I'lina to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Viktoriya I'lina, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offenses; (5) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(6)(A), 18 U.S.C. § 1546 and 8 U.S.C. § 1324(a), and (6) pursuant to 18 U.S.C. § 3583 may require Viktoriya I'lina to serve a term of supervised release of not more than three years on each of the two counts. The terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should Viktoriya I'lina be

placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Viktoriya I'lina may be sentenced to not more than three years' imprisonment on each of the two counts, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Viktoriya I'lina by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Viktoriya I'lina's activities and relevant conduct with respect to this case.

Stipulations

This Office and Viktoriya I'lina agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Viktoriya I'lina from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its

discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Viktoriya I'lina waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture Provisions

Viktoriya I'lina agrees to forfeit to the United States any and all right, title and interest she may have in $25,575 in United States currency seized by the Federal Bureau of Investigation during a search of her residence, more particularly described as the 1st Floor apartment, 7311 20th Avenue, Brooklyn, New Jersey on August 27, 2002. This forfeiture is pursuant to 18 U.S.C. § 982(a)(6)(A).

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Viktoriya I'lina. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Viktoriya I'lina.

This agreement constitutes the full and complete agreement between Viktoriya I'lina and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those

set forth in this letter and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Leslie F. Schwartz
Assistant U.S. Attorney

APPROVED:

_____
Mark W. Rufolo,
Unit Chief, Strike Force Division

      I have received this letter from my attorney, Lawrence S. Lustberg, Esq., I have read it and it has been translated for me into Russian, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____       Date: 12/30/05
Viktoriya I'lina

_____       Date: 12/30/05
Lawrence S. Lustberg, Esq.

<u>Plea Agreement With Viktoriya I'lina</u>

<u>Schedule A</u>

This Office and Viktoriya I'lina agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

1. This Office and Viktoriya I'lina recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Viktoriya I'lina nevertheless agree to the stipulations set forth herein, and agree that the Court shall sentence Viktoriya I'lina within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Viktoriya I'lina further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The United States Sentencing Commission Guidelines Manual, effective November 1, 2002, has been used by the parties to formulate these stipulations.

3. There were two victims of the conspiracy to commit extortion charged in Count Twelve, <u>i.e.</u>, O.P. and O.B.

4. Pursuant to U.S.S.G. § 2X1.1, the base offense level for a conspiracy is determined from the guideline for the substantive offense along with any adjustments from each guideline for any intended conduct that can be established with reasonable certainty.

5. Defendant or a coconspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense described in Paragraph 3, above. Accordingly, no decrease in the offense level of this substantive offense is warranted under U.S.S.G. § 2X1.1(b)(2).

6. The applicable sentencing guideline for the conspiracy to commit extortion is U.S.S.G. § 2B3.2. This guideline carries a Base Offense Level of 18. Each of the two victims represents a separate group (O.P.-Group I and O.B.-Group II) under the federal sentencing guidelines.

7. The conspiracy to commit extortion against the two victims involved an implied threat of bodily injury. Thus, an upward adjustment of two levels is warranted in the base offense

level for both Groups I and II.   See U.S.S.G. 2B3.2((b)(1).

    8.  Groups I and II each have an adjusted offense level of 20.

    9.  The applicable guideline for the conspiracy to commit visa fraud charged in Count One, paragraph 4 a is U.S.S.G. § 2L2.1 (Group III).  The base offense level under this guideline is level 11.  See U.S.S.G. § 2L2.1(a).

    10. The conspiracy to commit visa fraud involved between 25 to 99 documents.  Thus, a six level increase in the base offense level for Group III is warranted.  See U.S.S.G. § 2L2.1(b)(2)(B).

    11. Defendant or a coconspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense described in Paragraph 9, above.  Accordingly, no decrease in the offense level of this substantive offense is warranted under U.S.S.G. § 2X1.1(b)(2).

    12. Group III has an adjusted offense level of 17.

    13. The applicable sentencing guideline for the conspiracy to violate the immigration laws charged in Count One, paragraph 4 c is U.S.S.G. § 2L1.1 (Group IV).  The base offense level under this guideline is level 12.  See U.S.S.G. § 2L1.1(a)(2).

    14. The conspiracy to violate the immigration laws involved between 25 to 99 aliens.  Thus, a six level increase in the base offense level for Group IV is warranted under U.S.S.G. § 2L1.1(b)(2)(B).

    15. Defendant or a coconspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense described in Paragraph 13, above.  Accordingly, no decrease in the offense level of this substantive offense is warranted under U.S.S.G. § 2X1.1(b)(2).
    16. Group IV has a total adjusted offense level of 18.

    17. Pursuant to the grouping rules set forth in U.S.S.G. § 3D1.4, the combined offense level for these four groups is level 24.

18. As of the date of this letter, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the conspiracy to commit the substantive offenses charged in Count One, paragraphs 4 a and 4 c, and Count Twelve of the Indictment. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if defendant's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

19. The parties agree that the defendant does not qualify for a decrease of one additional level in her offense level pursuant to U.S.S.G. § 3E1.1(b) as she has neither timely provided complete information to the government concerning her own involvement in the offense nor has she timely notified authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

20. The parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not set forth herein. The parties, however, reserve the right to present to the court any facts that are relevant to the court's determination regarding the appropriate sentence within the guideline range even if these facts may also have been relevant to guideline departures or adjustments.

21. The parties agree that the total offense level after all the adjustments in paragraphs 1 through 20 of Schedule A, and all grouping calculations, pursuant to U.S.S.G. Chapter 3, Part D and not specifically addressed herein, have been taken into account is level 22.

22. Viktoriya I'lina knows that she has, and except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total offense level of 22. This Office will not file any appeal, motion, or writ that challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 22. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore,

if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      23. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.