Honorable Madeline Cox Arleo
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 AUG 18  A 10: 04

    Re:    Case No. 02-638
           Petition for Expungement – V. Ilina

Dear Judge Cox Arleo:

    With this letter, I would like to respectfully respond to the recent letter opposing my petition for expungement by Assistant US Attorney Leslie Schwartz ("Schwartz") and ask that you consider my case and the below information to grant my petition, as originally requested.

    To begin, I would like to state that, unfortunately, I am still unemployed since May 2020, despite the fact, that I have had interviews almost weekly since my original letter to the Court. Moreover, it is not uncommon for me to have 2-3 interviews with the same employer, but at some point in the hiring process my candidacy is always rejected after I have to submit my HR application and was required to answer questions about conviction. Unfortunately, that is the truth and disappointment I face every day.

    Schwartz submitted 7 pages letter to oppose my petition citing case law and faulty reasoning for why I should not be given a fair chance for expungement. I am not an attorney by trade and will try to be laconic, but I ask you to please pardon my sometimes-colloquial manner in addressing the situation, as this is a very emotional and human circumstance. Moreover, I cannot afford an attorney to assist in drafting this letter, so I ask that you please take this into account.

    To begin, in her letter, Schwartz made a statement, that this Court lacks jurisdiction to entertain my petition for expungement and therefore my petition for expungement should be dismissed. Of course, I understand that precedent exists, but it is up to the Court to decide which situations to apply the law in effectively and, if it wasn't for Judges across our Country, who created new precedent, we would live in a very different, less diverse, less free Country. With this, I would respectfully ask for you to appeal this point of view as you look at my current situation.

    In the "Background" section, Schwartz tried to paint me in a terrible way and light using negative words like "*the criminal conduct underlying Ilina's conviction was serious*" and "*significant crimes*" to try to influence this Court and convince you, that people like me cannot get an expungement by default, which is wrong, because I fulfilled each requirement of the sentence for my offence, including:

- completing each term of 48 months imprisonment and 3 years of supervised release; and
- satisfying each condition of imprisonment and supervised release.

(Please note, there was absolutely no forfeiture of any amount of money from me, despite Schwartz's inaccurate statement)

I was incarcerated in a Federal Correctional Institution for the process of punishment, correction and rehabilitation. I was released earlier than 48 months - after less than 3 years in prison, because of my excellent behavior there. Which means that I have been corrected and rehabilitated by my punishment and using statements and generalizations like *"the criminal conduct was serious"* or *"significant crime"* is irrelevant, because I paid my debt to society in full and have learned from my mistakes.

In my first letter/petition to Judge Martini, I asked for expungement of my criminal record because:

> *"I broke the law, I was punished by imprisonment, hurtful separation from my daughter and supervised release.*
>
> *I paid for my mistake in full.*
>
> *Fifteen (15) years have passed since my conviction.*
>
> *I cannot be punished till the end of my life."*

Additionally, I would like to reiterate the fact that I cannot get any license. Basically, I cannot be employed in any place of work where I interact with people or animals because of my criminal record. I strongly believe that since I paid my debt to society, I should be allowed to work. I struggled considerably and experienced unending hardship in finding any decent job, despite my qualifications during the past 15 years.

Additionally & importantly, I am only 57 years old. I need to work and support myself.

To be clear, I asked for expungement of my criminal records *only* because it precludes me from getting a job. But in her letter, Schwartz alludes that despite all the above arguments I *"fail to provide any cognizable basis for expungement"* and *"my petition should be dismissed."* While my arguments may not be up to the standard of those with a law degree, I would argue that my reasoning is sound and with clear meaning and purpose. I may not have case law citations, but I have a true story of a struggling person, who is not looking for a hand-out or is asking for expungement for vanity, rather, I just want to be an active part of the working society again.

To respond to specific points in Schwartz's letter:

On Page 5, paragraph 2, Schwartz states *"accordingly, courts **routinely** reject requests for expungement of arrest or conviction records which are sought based upon the impact of a defendant's criminal history on employability."* While I respect the Court and its decision, I have to ask, if this is the true, right thing to do and how familiar one is with routinely being rejected from a job opportunity you are perfectly suited for, despite your qualifications and never ceasing persistency? Moreover, *"routinely reject"* does not mean, that this is the best thing to do, the only way or cannot be changed.

As the Court very well knows, today, various forms of "Clean Slate" legislation are making their way through Congress and U.S. state capitals.

The Clean Slate Act aims to help formerly incarcerated people have basic opportunities such as employment, housing, federal student aid, and the right to vote – which was already granted to me without any issue in November of 2020.

To best of my knowledge, there's been great progress on this front already: Pennsylvania, Utah, Michigan, New Jersey, Virginia, Connecticut and Delaware have all passed or enacted similar bipartisan clean slate legislation, and I truly hope that it can apply to this case.

One in three American adults — more than 70 million people — have some type of criminal record. Unfortunately, for these Americans and I, who were incarcerated or have a conviction on their record, we are essentially not able to secure good jobs in our Country despite reforming and our criminal justice system continues to block us from doing so.

Further on page 5, in the footnote, Schwartz notes US v. Dauglas: difficulty that a criminal conviction posed for a criminal defendant seeking an employment was not *"an extreme circumstance"* justifying expungement.

Respectfully, my question would be, how does one define *"extreme"* and what can be more extreme, than the circumstance I am currently living in? If I cannot find a job, I cannot pay rent, eat, live. Perhaps, a part of our criminal justice system, that makes it so difficult for ex-convicts to find employment, is why people go back to prison and become career criminals.

Further on page 5, Schwartz states *"When states have established professional standards that are affected by criminal records, expungement also trenches on their right to regulate employment within their borders"* In response to this statement, I wonder which *"professional standards"*, if I cannot work anywhere around people or animals, because of my criminal record. For reference, I was denied a position of dog walker/sitter, license of pet groomer and the license of a home attendant.

Further on page 6, paragraph 2, Schwartz notes: *"In addition to Ilina not challenging the validity of her conviction, she also cites no legal authority demonstrating that the statures under which she was convicted authorize expungement."* This statement is absolutely true. I am not arguing the validity of my arrest or conviction as they were all legal. That said, it should not be surprising that I do not site cases because I am not an attorney, cannot afford one, because I can't secure employment and a foreign medical doctor, who made a terrible mistake. I do not have means to hire an attorney, because I purely asked for expungement of my criminal record, because I cannot find a job, consequently cannot support myself in any way.

Finally it is important to note that on page 5, paragraph 3, Schwartz states *"and the statutes under which Ilina was convicted, i.e., 18 U.S.C & 371 and 18 U.S.C &1591, do not specifically authorize expungement"*, however it also does not prohibit or preclude expungement and the decision lies in your hands and the Court.

In closing, I would like to ask for my petition for expungement to be granted for the aforementioned reasons.

To reiterate, I am not asking for pity or special treatment. I ask you, Your Honor, to not just look at precedent as the status quo, but to give me and others a real chance to be able to secure work, a source of livelihood, which will allow for me to finally support myself, rebuild my life and rejoin my community. I ask you to please not simply follow the recommendations provided by Schwartz, but create a new precedent and an opportunity for people like me, who want to work, be productive and live my life to the fullest.

Thank you in advance for your consideration.

Sincerely,


Victoria Ilina



V. Gloria Ilma
2940 Ocean Parkway, 18E
Brooklyn, NY 11235

Honorable Madeline Cox-Arleo
U.S. District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

2021 AUG 18 A 10:01
RECEIVED
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
CLERK